IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

INTERACTIVE CONTENT ENGINES, LLC,

     *Plaintiff,*

*v.*

ZEE ENTERTAINMENT ENTERPRISES LIMITED,

     *Defendant,*

§§§§§§§§§§§§§§§§

**CASE NO. 7:25-CV-00430-DC-DTG**

REPORT & RECOMMENDATION TO GRANT-IN-PART
AND DENY-IN-PART MOTION TO DISMISS (DKT. NO. 21)

TO:   THE HONORABLE DAVID COUNTS,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, Zee Entertainment Enterprises Ltd.'s motion to dismiss this case under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) (Dkt. No. 21). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

On September 17, 2025, the plaintiff, Interactive Content Engines, LLC, filed this suit against the defendant, Zee Entertainment Enterprises, Ltd., a company organized and existing under the laws of India, with its corporate and registered offices in Mumbai, India. Dkt. No. 1 ¶

2. In its complaint, the plaintiff alleged that a Wyoming corporation, Asia TV USA Limited ("Asia TV"), "enjoy[ed] privity with [the defendant] by virtue of its common ownership and corporate lineage, as well as via common employees and management." *Id.* ¶ 3. The plaintiff claimed that the defendant could therefore be served through Asia TV via its registered agent, CT Corporation System. *Id.* ¶ 4. On September 23, 2025, the plaintiff served a "corporate specialist" at CT Corporation System in Wyoming. Dkt. No. 7 at 1–2.

On January 15, 2026, the defendant moved to dismiss this case for failure to effect proper service under Fed. R. Civ. P. 12(b)(5), or, in the alternative, for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (Dkt. No. 21).  As an exhibit to its motion, the defendant attached an affidavit from its senior legal manager, Akshay Mahdik, in which he averred that Asia TV USA is a distributor that licenses streaming content from Zee Entertainment UK Limited, which is the defendant's independently incorporated subsidiary.  Dkt. No. 21-1 ¶ 12. The declarant further averred that its operations are separate from Asia TV's operations, that it does not control Asia TV, that they are managed separately, maintain separate books, and do not share common business names, business departments, offices, employees, financing, or accounting. *Id.* ¶¶ 16–19.

## II.     ANALYSIS

When considering a motion to dismiss under Rule 12, courts typically apply the law of the regional circuit. *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 2022-1861, 2024 WL 89642 (Fed. Cir. Jan. 9, 2024) (citing *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1314 (Fed. Cir. 2019)); *c.f. Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015) (applying the law of the regional circuit to a "general procedural question").  Federal Rule of Civil Procedure 12(b)(5) allows a party to seek the dismissal of the

complaint based on the plaintiff's failure to effect valid service of process. When service is challenged, the serving party bears the burden of proof. *Holly v. Metro. Transit Auth.*, 213 F.App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).  Courts may consider affidavits or declarations when resolving a motion to dismiss under Rule 12(b)(5). *C.f. Quinn v. Miller*, 470 F.App'x 321, 323 (5th Cir. 2012) (affirming dismissal based on an affidavit in support).

The defendant first contends that this matter should be dismissed for failure to effect valid service under Federal Rule of Civil Procedure 12(b)(5) because the plaintiff failed to effect service through an authorized method. Dkt. No. 21 at 6–12. The plaintiff raises three arguments in opposition: (1) that this motion is moot because the defendant has received actual notice of this suit; (2) that the defendant was properly served under Wyoming law through its alter ego, Asia TV; and (3) that, if the Court should find that service was improper, it should be allowed to convert its response to a motion for alternative service and serve the defendant through its counsel. *Id.* The Court addresses each argument in turn.

### A.  Actual Notice.

As a threshold matter, the Court rejects the plaintiff's claim that actual notice of the suit renders this motion moot. *See* Dkt. 23 at 1–2 (citing *SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *3 (E.D. Tex June 15, 2020)). The Fifth Circuit has repeatedly held that actual notice does not absolve a plaintiff of its obligation to serve the defendant. *E.g., 8fig, Inc. v. Stepup Funny, L.L.C.*,  135 F.4th 285, 291 (5th Cir. 2025) (citing *Ayika v. Sutton*, 378 F.App'x 432, 434 (5th Cir. 2010)). Even in *SIMO Holdings*, which the plaintiff relies upon for this argument, the court did not find that actual notice moots the issue of service. 2020 WL 6578411, at *3 (considering whether the

defendant had actual notice of a suit as a factor in ordering alternative service). The Court therefore proceeds to whether the plaintiff's service on the defendant was valid.

### B.  Sufficiency of Service.

Service of process on a foreign defendant must not violate (1) the Federal Rules of Civil Procedure; (2) international service agreements between the United States and the relevant foreign country; and (3) traditional notions of due process. *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *1 (W.D. Tex. July 13, 2020). Federal Rule of Civil Procedure 4(h)(1) permits service on a foreign corporation within the United States by effecting service in a "manner prescribed by 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), parties may effect service by following the law of the state where service is made.

Service that is effected on a foreign corporation within a judicial district of the United States does not implicate international agreements, and so parties need not abide by international service agreements if they effect service domestically on a foreign corporation's agent. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (holding that valid service on a domestic agent does not need to comply with the Convent on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention")). Typically, an agent must be actually authorized to accept service on a party's behalf for service to be valid. *See Lisson v. ING GROEP N.V.*, 262 F.App'x 567, 569 (5th Cir. 2007). However, process may be validly served on a domestic subsidiary even absent explicit authorization if the relevant state law designates it as the defendant's involuntary agent for service. *Id.* at 570; *see also Schlunk*, 486 U.S. at 707. Some states designate a defendant's domestic subsidiary as its involuntary agent for service if the foreign corporation "exercises such

control over the domestic subsidiary that the two entities are essentially one." *Lisson*, 262 F.App'x at 570 (quoting *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990)).

Neither party claims that the defendant actually authorized Asia TV to accept service on its behalf. Dkt. No. 21 at 9 (citing Dkt. No. 21-1 ¶ 13); *see* Dkt No. 1 ¶¶ 3–4. Still, the plaintiff claims that it validly served the defendant under Wyoming law because the defendant exercises "complete and total control" over its subsidiaries, including Asia TV. Dkt. No. 23 at 1. To determine whether the plaintiff's service was valid, the Court considers, first, whether it is permissible under Wyoming law. *See Sheets*, 891 F.2d at 537 n.2.

The plaintiff claims that Wyoming Rule of Civil Procedure 4(h)(2)(A)[1] authorizes service on the defendant through Asia TV. Dkt. No. 23 at 2. Wyoming Rule of Civil Procedure 4(h)(2)(A) provides that service on a corporation may be made within the United States "by delivery of copies to any officer, manager, general agent, or agent for process . . . ." The plaintiff argues that Asia TV is the defendant's "manager" for the purposes of this provision because it the defendant's domestic subsidiary which is "owned and completely controlled" by the defendant. Dkt. No. 23 at 2–3. However, it concedes that it is "not aware of any case in Wyoming in which the meaning of 'manager' in this context is defined." *Id.* at 2 n.1. Instead, it bases its argument exclusively on a federal district court opinion that considered the definition of the term "general manager" under California law. *Id.* (citing *LONGi Green Tech. Co. v. Jinko Solar Co.*, No. 2:25-CV-00048-JRG-RSP, 2025 WL 1762962 (E.D. Tex. Apr. 27, 2025)).

---

[1] The defendant cites to Wyoming Rule of Civil Procedure 4(h)(1)(A)–(B) in its briefing. Dkt. No. 23 at 2. However, its argument exclusively relies on language found in Wyoming Rule of Civil Procedure 4(h)(2)(A). *Compare* Dkt. No. 23 at 2 *with* Wyo. R. Civ. P. 4(h)(2)(A). The Court therefore construes its argument as relying on Wyoming Rule of Civil Procedure 4(h)(2)(A).

The relevant inquiry is whether Wyoming state law authorizes service on a domestic subsidiary that is "essentially one" with the defendant. *See Sheets*, 891 F.2d at 537 n.2 (applying *Schlunk*, 486 U.S. at 608). California law has no bearing on this case, and the defendant fails to cite to a single Wyoming case that recognizes its chosen method of service as valid. Following its own review of Wyoming case law, this Court was unable to locate any cases which authorize service on a foreign corporation's domestic subsidiary based on the corporation's pervasive control or "manager" relationship. Accordingly, the Court finds that the plaintiff fails to establish that its service was valid under state law as required by *Schlunk*.

The plaintiff alternatively requests leave to conduct discovery into "the manager, agency, and/or alter ego relationship" between the defendant and Asia TV if the Court is not satisfied that the defendant exerts sufficient control over Asia TV to make it an agent for service. Dkt. No. 23 at 3. The Court denies this request. Additional discovery into the entities' relationship would only be relevant if Wyoming law authorized service on a domestic subsidiary. *See Sheets*, 891 F.2d at 537 n.2 (stating that the district court erred in finding that service on a domestic subsidiary was valid based on a foreign corporation's pervasive control without first considering whether such service was authorized under state law). Because the plaintiff fails to establish that Wyoming authorizes this method of service as a threshold matter, the Court finds that any further inquiry into the relationship between the defendant and Asia TV is irrelevant and denies the request. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (finding that discovery on matters of personal jurisdiction should not be allowed if it would serve no purpose).

### C. Alternative Service.

In the alternative, the plaintiff seeks leave to effect alternative service to the defendant via an email to its counsel under Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 23 at 3. The

decision to permit alternative service pursuant to Rule 4(f)(3) "falls soundly within the discretion of the district court." *Salcedo v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 1:25-CV-1920-RP, 2026 WL 1078640, at *1 (W.D. Tex. Apr. 17, 2026) (citing *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *3 (W.D. Tex. July 8, 2021)). While alternative service is not a means of last resort, district courts are more inclined to exercise their discretion in favor of email service under Rule 4(f)(3) if the plaintiff first attempts to comply with the Hague Service Convention. *Trustees of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) (collecting cases).

The Court is not inclined to exercise its discretion to allow email service here. The plaintiff's sole attempt at service was made to an independently incorporated third-party entity without first establishing a colorable basis to effect such service under the applicable state law. The plaintiff has not sought a waiver of service or attempted service on the defendant itself—its only service attempt was made on a third-party entity. Therefore, the Court finds that the plaintiff's request to effect alternative service should be **DENIED**.

### D. Remedy.

When a motion to dismiss under 12(b)(5) has merit, a court has the broad discretion to dismiss the action or quash the service and provide another opportunity to the plaintiff to effect proper service. *Hawkins v. Potter*, 234 F.App'x 188, 189–190 (5th Cir. 2007); *Lisson v. ING GROEP N.V.*, 262 F.App'x 567, 571 (5th Cir. 2007) ("It is true that district courts possess a broad discretion to dismiss cases or to simply quash service."). Because the issue of service is readily curable, the Court finds the proper remedy in this matter is to quash the plaintiff's original attempt at service and allow it additional time to obtain a waiver or effect proper service.

Therefore, the undersigned **RECOMMENDS** that service in this matter be **QUASHED** and the plaintiff be allowed an additional 120 days from the entry of the district court's order to effect service on the defendant.

### E.  Federal Rule of Civil Procedure 12(b)(2).

The defendant also moves to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. No. 21 at 13. The Court does not reach this issue. Because the Court finds that service has not been effected, it has already found that it does not have personal jurisdiction over the defendant and need not inquire further. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987)); *c.f. Hazim v. Schiel & Denver Book Publishers*, 647 F.App'x 455, 460 (5th Cir 2016) (finding that jurisdictional discovery into whether a defendant had minimum contacts with a forum would not be needed until service was effected because it "'could not have added any significant facts' to the exercise of personal jurisdiction"). Therefore, the undersigned **RECOMMENDS** that the defendant's motion to dismiss under Rule 12(b)(2) be **DENIED-AS-MOOT,** with leave to renew if the plaintiff effects proper service.

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) be **GRANTED-IN-PART** and **DENIED-IN-PART**. The undersigned further **RECOMMENDS** that the defendant's motion to dismiss under Rule 12(b)(5) be **GRANTED-IN-PART** and that service be **QUASHED**. The plaintiff should be permitted an additional 120 days to re-serve the defendant. Finally, the undersigned

**RECOMMENDS** that the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) be **DENIED-AS-MOOT**, with leave to renew if and when service is effected.

## IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 11th day of June, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE